

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 187 | **DATE** | 8/21/2002 |
| **CASE TITLE** | MAC Funding Corp. vs. Northeast Impressions, Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendants' motion to dismiss for lack of personal jurisdiction (8-2) is granted and the case is dismissed. Any pending motion in this case, including #s 3-2 and 8-1, is terminated as moot. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 22 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 21 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 8/21/2002 | |
| | | | date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FORT THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **MAC FUNDING CORPORATION,** a Delaware Corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 02 C 0187 |
| **NORTHEAST IMPRESSIONS, INC.;** **RICHARD BREAKSTONE; MICHAEL** **CESTARO;** and **GARY SWENSON,** | ) ) ) ) |
| Defendants. | ) ) ) |

**DOCKETED**
**AUG 2 2 2002**

## MEMORANDUM OPINION AND ORDER

MAC Funding Corporation ("MAC"), a Delaware corporation with its principal place of business in Illinois, sues Northeast Impressions Inc. ("NEI"), a New Jersey corporation with its principal place of business in New Jersey, as well as Richard Breakstone, Michael Cestaro, and Gary Swenson ("the guarantors"), all citizens and residents of New Jersey.

In May of 2000, NEI entered into an agreement with MLP USA Inc. ("MLP") to purchase a printing press. The press was financed by MAC by way of a lease agreement between MAC and NEI. The guarantors guaranteed the obligations of NEI under the lease. MAC now complains that NEI has failed to make any payments under the lease agreement, and seeks relief from NEI and guarantors.

NEI and the guarantors move to dimiss for lack of personal

2/

jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). In a diversity case, I have jurisdiction over the defendants only if Illinois courts would have such jurisdiction. *See Klump v. Duffus,* 71 F.3d 1368, 1371 (7th Cir. 1997). Generally, personal jurisdiction must satisfy three requirements: state statutory law, state constitutional law, and federal constitutional law. *See RAR, Inc. v. Turner Diesel, Ltd.,* 107 F.3d 1272, 1276 (7th Cir. 1997). With respect to state statutory law, plaintiff looks to sections 209(a) and (b) of the Illinois Long-Arm Statute, 735 ILCS 5/2-209, claiming that the statute authorizes jurisdiction over defendants because they were "doing business" in Illinois, they entered into a contract "substantially connected" with Illinois, or they had completed a "transaction" of business in Illinois. However, because the Illinois Long-Arm Statute authorizes personal jurisdiction to the extent permitted by the Illinois and Federal Constitutions, 735 ILCS 5/2-209(c), it is unnecessary to determine whether the "doing business," "substantially connected," or "transaction" provisions of the long-arm statute are satisfied so long as the exercise of personal jurisdiction is within the limits of both the Illinois and Federal Constitutions. *See RAR,* 107 F.3d at 1276.

Under the doctrine of constitutional avoidance, I would ordinarily address the state constitutional inquiry first. *See id.* The Illinois Constitution permits the exercise of personal

2

jurisdiction "only when it is fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois." *Rollins v. Ellwood,* 565 N.E.2d 1302, 1316 (Ill. 1990). Although this standard offers protections independent from the federal due process clause, *see id,* the Illinois courts "have given little guidance as to how state due process protection differs from federal protection in the context of personal jurisdiction." *RAR,* 107 F.3d at 1276. Because the parties also fail to address any distinctions between the Illinois and federal due process standards, and my own research reveals nothing that would affect the analysis, I need not determine whether and to what extent the Illinois' due process guarantee differs from or exceeds federal due process protections. *See R.R. Donnelley & Sons Co. v. Hays Int'l Mailing Serv., Inc.,* No. 98 C 8403, 1999 WL 284798, at *2, (N.D. Ill. Apr. 26, 1999) (Pallmeyer, J.).

The federal constitution requires that in order for a court to exercise personal jurisdiction over a defendant, the defendant have "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice." *RAR,* 107 F.3d at 1277 (quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)). What this standard means depends on whether the court is exercising

general or specific jurisdiction. *See RAR,* 107 F.3d at 1277.

General jurisdiction is permitted only where the defendant has "'continuous and systematic general business contacts' with the forum." *Id.* (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 n. 8). Here, MAC alleges several contacts that NEI has had with Illinois. These contacts include a financing transaction with Heller Financial of Illinois in 1993, purchase of a printing press from Komori America of Illinois in 1998, another financing transaction with Heller Financial in 1999, various equipment leases from Fuji Photo of Illinois in 1999 that included annual purchasing requirements, attendance at annual trade shows in Chicago, and the regular purchasing of replacement parts from Illinois. NEI responds that most of the negotiations and contract executions relating to these transactions took place in New Jersey through New Jersey representatives and distributors. Regardless, these sporadic contacts are not "continuous and systematic," and thus do not establish the minimum contacts necessary to support the exercise of general personal jurisdiction over NEI.

To determine whether minimum contacts exist to permit the exercise of specific jurisdiction over a defendant, I must decide whether the defendant "'should reasonably anticipate being haled into court [in Illinois],' because the defendant has 'purposefully avail[ed] itself of the privilege of conducting activities' there." *RAR,* 107 F.3d at 1277 (quoting *World-Wide Volkswagen Corp. v.*

4

*Woodson*, 444 U.S. 286, 297 (1980) and *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985)). In determining whether minimum contacts exist for purposes of specific jurisdiction, I look only to the contacts that the suit "arise[s] out of" or is "related to." *RAR*, 107 F.3d at 1277. Here, both sides have discussed NEI's contacts with Illinois related to its purchase agreement with MLP in addition to its contacts related to the lease agreement with MAC. However, "it is only the 'dealings between the parties in regard to the disputed contract' that are relevant to minimum contacts analysis." *Id.* at 1278 (quoting *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co.*, 75 F.3d 147, 153 (3d Cir. 1996)). MLP is not a party to this action, and thus the purchase agreement between MLP and NEI is irrelevant in determining whether I have specific personal jurisdiction over NEI or the guarantors. Instead I look only to NEI's contacts with Illinois relating to the lease agreement with MAC and the guarantors' contacts with Illinois relating to the guarantee agreements.

An out-of-state party's contract with an Illinois resident is alone not sufficient to establish the requisite minimum contacts. *See RAR*, 107 F.3d at 1277 (citing *Burger King*, 471 U.S. at 478). Instead, courts look to a number of factors when deciding whether to exercise specific personal jurisdiction over a nonresident defendant including who initiated the transaction, where the

5

negotiations were conducted, where the parties executed the contract, and where the defendant would have performed the contract. *See Ameritech Servs., Inc. v. SCA Promotions, Inc.*, No. 99 C 4160, 2000 WL 283098, at *3 (N.D. Ill. Mar. 6, 2000) (Moran, J.). Here, these factors weigh against exercise of personal jurisdiction over NEI and the guarantors.

NEI states that it did not initiate any contact with MAC regarding the lease agreement. NEI also states that it conducted negotiations regarding the lease from its place of business in New Jersey. These claims are undisputed by MAC, and thus I take them as true. *See Ameritech*, 2000 WL 283098 at *3. With respect to execution, the guarantors signed the guarantee agreements in New Jersey. Swenson Aff. ¶ 10; Breakstone Aff. ¶ 6; Cestaro Aff. ¶ 6. NEI states that it signed the lease agreement at its office in New Jersey. It is unclear where MAC signed the agreement, and who signed it last, but even if MAC signed the contract in Illinois after NEI had signed it in New Jersey, this fact is not dispositive. *See Jamik, Inc. v. Days Inn*, 74 F. Supp. 2d 818, 823 (N.D. Ill. 1999) (Alesia, J.) (finding no specific personal jurisdiction over New Jersey defendant where contract at issue had been sent to and signed in New Jersey; court made no reference to where and when contract had been signed by Illinois plaintiff).

With respect to performance, NEI's only connection with Illinois was that payment was to be made to MAC's office in

6

Illinois. While there are cases in which personal jurisdiction was exercised over nonresident defendants based on their agreements to make loan payments to Illinois residents, see *Mors v. Williams*, 791 F. Supp. 739, 742 (N.D. Ill. 1992) (Alesia, J.); *Continental Bank N.A. v. Everett*, 742 F. Supp. 508, 512 (N.D. Ill. 1990) (Bua, J.), aff'd, 964 F.2d 701 (7th Cir. 1992); *Lyons Savings and Loan Association v. Geode Inc.*, 626 F. Supp. 1141, 1143-44 (N.D. Ill. 1986) (Duff, J.), these cases are distinguishable. In *Mors*, it was the out-of-state defendant who had initiated contact with the Illinois plaintiff. The fact that defendant had sought out a loan from an Illinois resident was sufficient to support a finding that defendant had purposefully availed himself of the privilege of conducting business in Illinois. See *Mors*, 791 F. Supp. at 742. Here, NEI did not actively seek financing from MAC. In *Continental Bank* and *Lyons*, the courts found it significant that the loan agreements contained Illinois choice of law clauses, making it reasonable for defendants to anticipate being subject to litigation in Illinois. See *Continental Bank*, 742 F. Supp. at 510, 512; *Lyons*, 626 F. Supp. at 1143-44. Here, the lease agreement does not contain an Illinois choice of law clause, but rather a clause indicating that New Jersey law will govern the lease. Absent other relevant connections, the fact that payment was to be sent to MAC's office in Illinois is not a contact sufficient to support exercise of personal jurisdiction over NEI. See *Ameritech*, 2000 WL 283098

7

at *4 (finding no personal jurisdiction over a Texas defendant who was obligated to mail a check from Texas to Illinois). Similarly, with respect to the guarantors, the fact that payment was to be sent to Illinois if NEI defaulted is alone not a sufficient contact to support the exercise of personal jurisdiction over the guarantors. Cases in which personal jurisdiction has been exercised over nonresident guarantors have generally done so on the basis of contacts more substantial than the fact that payment would be sent to Illinois in the event of default. *See, e.g., Continental Bank*, 742 F. Supp. at 509 (guaranty agreements contained Illinois choice of law clause); *M.S. Distrib. Co. v. Web Records, Inc.*, No. 00 C 1436, 2000 WL 1898507, at *2-3 (N.D. Ill. Dec. 21, 2000) (Lindberg, J.) (guarantor negotiated agreement in Illinois, agreement contained Illinois choice of law clause); *Fountain Mktg. Group, Inc. v. Franklin Progressive Res., Inc.*, No. 96 C 2647, 1996 WL 406633 (N.D. Ill. July 16, 1996) (Conlon, J.) (guarantor actively negotiated purchase agreement on behalf of corporation that was subject to specific personal jurisdiction).

Because neither NEI nor guarantors have minimum contacts with Illinois arising out of their transactions with MAC, I cannot exercise personal jurisdiction over them consistent with due

process. Defendants' motion to dismiss for lack of personal jurisdiction is GRANTED.

ENTER ORDER:

*Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: August 21, 2002